UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOCELYN ALEXIS PEREZ,<br><br>    Plaintiffs<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:24-cv-00856-APG-NJK<br><br>**Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction** |

Defendant State Farm removed this action on the basis of diversity jurisdiction. ECF No. 1. But it has not demonstrated that the amount at issue satisfies this court's jurisdictional threshold. I will allow State Farm the opportunity to prove this court has jurisdiction.

If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (simplified). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal, a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction and instructed the district court to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id*. at 565. The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id*. at 567.

In this case, there is significant doubt as to State Farm's right to remove, as it has offered insufficient facts to support the court's exercise of jurisdiction. The complaint states that the plaintiff was injured in a car accident and has "past and future medical specials in excess of $45,000." ECF No. 1 at 8. She also alleges that she received either $25,000 or $50,000 from the tortfeasor's insurer. *Id.* Thus, it appears that less than $20,000 in medical expenses remain at issue in this case. And the accident occurred nearly one year ago, so it is quite speculative as to how much of the future medical expenses are truly at issue. Finally, the plaintiff's UM policy with State Farm is capped at $25,000. *Id.* at 2. Because it does not appear that the amount at issue in this case exceeds $75,000, I cannot exercise subject matter jurisdiction. However, before remanding to the state court, I will permit State Farm to present evidence relevant to the amount in controversy at the time of removal.

I THEREFORE ORDER defendant State Farm to show cause, in writing, as to why this action should not be remanded to the state court for lack of subject matter jurisdiction. Failure to show cause by June 7, 2024 will result in remand to the state court.

DATED this 10th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE